UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARRY BUTLER,

                Petitioner,

-vs-                                        Case No. 8:09-cv-967-T-17EAK

SECRETARY, DEPT. OF CORRECTIONS,

                Respondent.
_____/

## **ORDER**

Before this Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by LARRY BUTLER (Butler), a Florida prisoner. The petition attacks Butler's convictions for two counts of felony battery, rendered in the Sixth Judicial Circuit in Pinellas County, Florida, in state circuit case numbers CRC04-08925CFANO and CRC04-08925CFANO. Apparently, Butler also challenges his convictions for one count each of felony battery, tampering with a witness, and possession of cocaine in Case No. CRC04-16691CFANO. A review of the record demonstrates that, for the following reasons, the petition must be denied.

PROCEDURAL HISTORY

On July 26, 2004, Butler entered into a plea agreement in case numbers CRC04-08924CFANO and CRC04-18925CFANO to two counts of felony battery and one

count of possession of marijuana in exchange for concurrent terms of eighteen months on probation on the battery charges and six months probation on the possession charge. (Exhibit 1: Change of Plea and Sentencing transcript; Exhibit 2: Change of Plea Form; Exhibit 3: Orders of Probation. On September 24, 2004, Butler was arrested and later charged with one count each of felony battery, tampering with a witness, and possession of cocaine in case number CRC04-16691CFANO. (Exhibit 4: Felony Information).

On January 21, 2005, the court conducted an evidentiary hearing on Butler's violation of probation in case numbers CRC04- 08924CFANO and CRC04-18925CFANO. (Exhibit 5: Violation of Probation hearing transcript). Upon completion of the hearing, the court found Butler guilty of violation of probation and sentenced him to consecutive terms of imprisonment as follows: in case number CRC04- 08924CFANO to five years in prison on the felony battery charge and time served on the possession of marijuana charge, and in case number CRC04-08925CRANO to five years in prison, consecutive to his sentence in case number CRC04-08924CFANO. (Exhibit 6: Judgment and Sentence).

On August 4, 2005, Butler pled no contest to one count each of felony battery, tampering with a witness, and possession of cocaine in case number CRC04-16691CFANO, and was sentenced to concurrent terms of one year in the Pinellas County Jail. The sentences were to run concurrently with Butler's prison sentence in case number CRC04-08924CFANO. (Exhibit 7: Change of Plea Form; Exhibit 8: Judgment and Sentence).

Direct Appeal (Case Nos. CRC04-08924CFANO and CRC04-18925CFANO)

Butler pursued a direct appeal of his revocation judgment and sentence in case numbers CRC04-08924CFANO and CRC04-18925CFANO. His appellate counsel,

Assistant Public Defender Lisa Lott, filed an initial brief (Exhibit 9) raising the following issue:

> WHETHER THE TRIAL COURT ERRED IN REVOKING APPELLANT'S PROBATION BASED ON INSUFFICIENT EVIDENCE OF NEW LAW VIOLATIONS.

The State filed its answer brief. (Exhibit 10). On January 20, 2006, in Case No. 2D05-1005, the Second District Court of Appeal filed a written opinion affirming in part and reversing in part. (Exhibit 11). *Butler v. State*, 932 So. 2d 306 (Fla. 2d DCA 2005). The appellate court affirmed the revocation of probation, but reversed and remanded for the trial court to perform the ministerial task of striking its finding of a new offense based on cocaine possession. The appellate mandate was issued on February 13, 2006. (Exhibit 12).

Interlocutory Appeal (Case No. CRC04-16691)

In case number CRC04-16691CFANO, Butler appealed the orders denying his motion to dismiss counsel and motion recuse the judge filed on February 11, 2005, prior to Butler's change of plea. (Exhibit 13: Circuit Court Docket). The Second District Court of Appeal, in Case No. 2D05-1763, directed Butler to submit a copy of the order appealed. (Exhibit 14). The appellate court filed another order on May 13, 2005, directing Butler to show cause why review of the order denying his motion to dismiss counsel should not be dismissed as from an order that can only be appealed following a conviction as part of a judgment and sentence appeal, and also directed Butler to provide the name of his trial counsel. (Exhibit 15). On June 24, 2005, the court dismissed the appeal because Butler failed to comply with the court's order of May 13, 2005. (Exhibit 16). Butler v. State, 906 So. 2d 1066 (Fla. 2d DCA 2005).

Rule 3.850 Motion for Postconviction Relief

On July 25, 2007, Butler filed a motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Exhibit 17). Butler challenged the voluntariness of his plea in case number CRC04-16691CFANO, alleging trial counsel induced the plea by promising Butler that he would not be violated on his probation in case numbers CRC04-08924CFANO and CRC04-18925CFANO if he accepted the plea agreement in case number CRC04-16691CFANO. On October 11, 2007, the postconviction court issued an order summarily denying Butler's claim. (Exhibit 18).

Butler appealed the adverse ruling. He filed an initial pro se brief on April 8, 2008. (Exhibit 19). Because of the summary nature of the proceeding, the State was not required to file an answer brief and did not do so. On July 25, 2008, in Case No. 2D07-5505, the appellate court filed an unwritten per curiam opinion affirming the postconviction court's order denying relief. (Exhibit 20). *Butler v. State*, 991 So. 2d 862 (Fla. 2d DCA 2008)[table]. Butler then filed a motion for rehearing which the appellate court denied on September 18, 2008. (Exhibit 21). The mandate was issued on October 22, 2008. (Exhibit 22: 2DCA Docket).

## THE PRESENT PETITION

Butler signed the § 2254 petition and submitted the document to prison officials for mailing on May 21, 2009. (Doc. 1). Butler raises two grounds for relief:

### GROUND ONE

Law enforcement officers violated Butler's Fourth Amendment rights by entering and searching Butler's house illegally, without reasonable cause and without a search warrant.

GROUND TWO

The trial court violated Butler's Fourteenth Amendment rights by sentencing him to consecutive sentences without an actual finding of criminal activity to uphold these sentences.

THE PETITION IS TIME-BARRED

The instant petition is time-barred under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). According to the AEDPA, a person in custody pursuant to the judgment of a state court has one year from the date his judgment became final to file a § 2254 federal habeas petition. Butler's revocation judgment became final on April 20, 2006, ninety (90) days after his judgment and sentence were affirmed on appeal on January 20, 2006. *See Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002)(one-year limitations period for Florida prisoner's federal habeas petition started to run when time expired for filing petition for certiorari from state high court's denial of discretionary review); *Chavers v. Secretary, Fla. Dept.of Corrections*, 468 F.3d 1273 (11th Cir. 2006)(confirming that the one-year statute of limitations begins to run 90 days after the appellate court's affirmance, rather than 90 days after the mandate was issued). Accordingly, absent any properly filed tolling application in the state courts, Butler's federal petition was due to be filed on or before April 20, 2007.

Subsection (2) of §2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Butler properly filed a Rule 3.850 motion for postconviction relief on July 25, 2007. However, the postconviction proceeding did not toll the federal statutory limitations

period because it was filed 96 days beyond expiration of the one-year period on April 20, 2006.[1] "While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004)(quoting *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003)). *See also*, *Tinker v. Moore*, 255 F.3d 1331 (11th Cir. 2001), where the Eleventh Circuit, quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), held a state court petition that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled." *Tinker,* 255 F.3d at 1333. Moreover, 211 additional days of untolled time elapsed between October 22, 2008, the date the mandate was issued in the postconviction appeal, until Butler filed the federal petition on May 21, 2009. In this case, at least 672 days of idle time accumulated until Butler filed the federal petition (461 + 211 = 672). Therefore, the federal petition was filed over twenty-two months late and must be dismissed as time-barred.

Equitable Tolling

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United*

---

[1] The amount of time during which no properly filed collateral application was pending in the state courts, from the date of finality of the revocation judgment and sentence on April 20, 2006, until the filing of the Rule 3.850 motion on July 25, 2007, was 461 days.

*States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). In the instant case, Butler has neither argued nor shown that there are any extraordinary circumstances that are both beyond his control and unavoidable with diligence, and therefore he is not entitled to equitable tolling.

Furthermore, Butler's claims are procedurally barred.

## GROUND ONE

<u>Lack of Custody Jurisdiction</u>

Butler alleges law enforcement officers violated his Fourth Amendment rights by entering and searching his house illegally, without reasonable cause and without a search warrant. To the extent this claim relates to Case No. CRC04- 16691CFANO, in which Butler was convicted of felony battery, witness tampering, and possession of cocaine, Ground One must be dismissed for several reasons. On August 4, 2005, Butler was sentenced to one year in the county jail on each count, concurrent with each other and concurrent with the five-year prison sentence imposed in Case No. CRC04-08924CFANO.

Butler's one-year jail sentences expired long before he filed the instant federal petition; therefore, this Court lacks jurisdiction to consider Ground One as it relates to Case No. CRC04-16691CFANO. Section 2254(a) of Title 28 states, in relevant part: "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also 28 U.S.C. § 2241(c)(3). The Supreme Court has stated that the "in custody" requirement means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488,

490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989). More recently, the Supreme Court, in *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001), held that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained. Id. at 403-04, 121 S. Ct. at 1574 (citation omitted). A prisoner, however, may challenge a prior conviction when: (1) counsel is not appointed, [2] in violation of *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963); or (2) no channel of review was available with respect to the prior conviction, through no fault of the petitioner. Id. at 404-05, 121 S. Ct. 1567. The court based its decision on the concern that a district court evaluating a § 2254 petition was unlikely to have the documents necessary to evaluate claims arising from prior proceedings, and the interest of obtaining finality of judgments. *Id.* at 402-03, 121 S. Ct. at 1573-74. As *Lackawanna* makes clear, because Butler's convictions in Case No. CRC04-16691CFANO have expired, they are conclusively valid and generally no longer open to attack. *Lackawanna*, 532 U.S. at 403-04, 121 S. Ct. at 1574. Thus, this Court lacks jurisdiction to consider Ground One to the extent the claim relates to Butler's convictions in Case No. CRC04-16691CFANO.

---

[2] Butler was represented by attorney Robert M. Tager at the change of plea hearing and sentencing hearing in Case No. CRC04- 16691CFANO. (See Respondent's Exhibit 8)

Procedural Bar

Even if Ground One is construed as an attack on Butler's revocation of probation judgment in Case Nos. CRC04-08924CFANO and CRC04-18925CFANO, the claim is procedurally barred because it was never presented to the state court in any proceeding either as a federal constitutional issue or as a state law claim. Generally, procedural default can arise in two ways: (1) when the state court applies a state procedural rule to bar consideration of the federal claim; or (2) when the petitioner never raised the claim in state court, but it is obvious that the state courts would hold it to be procedurally barred if it were raised now. *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). Claims that are procedurally defaulted in state court are not reviewable by this Court unless the petitioner can demonstrate cause for the default and actual prejudice, *Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977), or establish the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent" contemplated in *Murray v. Carrier*, 477 U.S. at 496, 106 S. Ct. 2639. Butler did not show valid cause or prejudice in the state court or this Court to excuse his default. Therefore, Ground One must be denied as procedurally barred.

GROUND TWO

Procedural Bar

The same procedural default doctrine applies to Ground Two, in which Butler alleges the trial court violated Butler's Fourteenth Amendment rights by sentencing him to consecutive sentences without an actual finding of criminal activity to uphold these sentences. Butler did not raise this claim in his direct appeal or Rule 3.850 motion, and has not argued nor shown good cause for failing to do so. Therefore, Ground Two of the instant

9

petition must also be dismissed as procedurally barred.

Lack of Subject Matter Jurisdiction

The sentencing issue contained in Ground Two, although couched in terms of federal constitutional rights, is actually a state law claim concerning the propriety of the imposition of consecutive sentences. Ground Two concerns a sentencing matter which is not cognizable in this § 2254 proceeding. Federal habeas relief is available to correct only those injuries resulting from a violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Errors which do not infringe upon federally protected rights provide no basis for federal habeas corpus relief. It is well-settled in this circuit that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures. *Branan v. Booth*, 861 F.2d 1507 (11th Cir.1988); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir.1983). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan*, 861 F.2d at 1508. Butler has no recourse in this Court to challenge what he perceives to be an error in sentencing. Therefore, Ground Two must be denied.

Accordingly, the Court orders:

That Butler's petition for writ of habeas corpus is denied. The Clerk is directed to enter judgment against Butler and to close this case.

# CERTIFICATE OF APPEALABILITY AND
# LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on April 9, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Larry Butler